IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION, WELFARE, SAVINGS, APPRENTICESHIP, SCHOLARSHIP, AND COOPERATION FUNDS,<br><br>                Plaintiffs,<br><br>  v.<br><br>MI SUENO CONSTRUCTION, INC., a dissolved Illinois corporation,<br><br>                Defendant. | FILED: JUNE 26, 2008<br>08CV3652<br>JUDGE GETTLEMAN<br>MAGISTRATE JUDGE MASON<br>AEE<br><br>No.<br><br>Judge |

## COMPLAINT

Plaintiffs, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION, WELFARE, SAVINGS, APPRENTICESHIP, SCHOLARSHIP, AND COOPERATION FUNDS, by their attorneys, DONALD D. SCHWARTZ , JAMES R. ANDERSON, ANTHONY B. SANDERS and ARNOLD AND KADJAN, complain against the Defendant **MI SUENO CONSTRUCTION, INC.,** a dissolved Illinois corporation, as follows:

### COUNT I

### Jurisdiction and Venue

1. This Court has subject matter jurisdiction pursuant to Section 301 of the National Labor Relations Act, as amended, 29 U.S.C. 185(a), and Section 502 of the Employee Retirement Security Act (ERISA) of 1974, as amended, 29 U.S.C. Section 1132(e)(1), 1145 and 28 U.S.C. Section 1331.

2. The Northern District of Illinois is the proper venue pursuant to 29 U.S.C. Section 1132(e) as the Plaintiffs Funds are administered here in this judicial district.

### The Parties

3. The Plaintiffs are the Trustees of the Chicago Painters and Decorators Pension, Welfare, Savings, Apprenticeship, Scholarship, and Cooperation Funds ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section1132(d)(1).

4. The Funds have been established pursuant to Collective Bargaining Agreements previously entered into between the Painters' District Council No. 14 and its affiliated locals (the "Union"), and certain employer associations whose employees are or were covered by one or more Collective Bargaining Agreements with the Union.

5. The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, 29 U.S.C. Section 186 et. seq., and the Employee Retirement Security Act, 29 U.S.C. Section 1001, et. seq., and also pursuant to the terms and provisions of the Collective Bargaining Agreements and Declarations of Trust ("Trust Agreements") which established the Funds.

6. **MI SUENO CONSTRUCTION, INC., (" MI SUENO ")**, an Illinois corporation, on or about October 23, 2007, executed a Labor Agreement with the Union and adopted the provisions of the Labor Agreement and any subsequent agreements negotiated between the Union and certain employer associations. **MI SUENO** was involuntarily dissolved by the State of Illinois, Secretary of State on or about March 14, 2008.

### The Agreements

7. Pursuant to the provisions of the Labor Agreement, **MI SUENO** is bound to the Trust Agreements and is required to make periodic contributions to the Funds for each hour worked by its bargaining unit employees working within the occupational and jurisdictional scope described

therein at the rate and in the manner specified by the Labor Agreement and the Trust Agreements. In addition, **MI SUENO** is required to make contributions to the Funds measured by hours worked by subcontractors performing painters' or tapers' work who fail to make contributions to the Funds.

    8.    Under the terms of the Labor Agreement and Trust Agreements to which it is bound, **MI SUENO** is required to submit all necessary books and records to Plaintiffs' auditor for the purpose of determining whether or not **MI SUENO** is in compliance with its obligation to contribute to the Funds. In addition, the Labor Agreement and the Trust Agreements require **MI SUENO** pay liquidated damages, auditor fees, and all attorneys' fees and court costs incurred by the Funds in the collection process.

### The Claim

    9.    **MI SUENO** breached the provisions of the Labor Agreement and Trust Agreements by failing to submit reports and contributions for the period from **November, 2007** through the present,.

    10.    Pursuant to the provisions of the Labor Agreement and Trust Agreements, **MI SUENO** is required to pay liquidated damages, auditor fees and all attorneys's fees and court costs incurred by the Funds in the collection process.

    11.    Plaintiffs have complied with all conditions precedent in bringing this suit.

    12.    Plaintiffs have been required to employ the undersigned attorneys to collect the monies that may be found to be due and owing from **MI SUENO.**

    13.    **MI SUENO** is obligated to pay the attorneys' fees and court costs incurred by the Plaintiffs pursuant to the Labor Agreement, the Trust Agreements, and 29 U.S.C. Section 1132 (g)(D).

14.     Pursuant to 29 U.S.C. Section 1132(g)(2) ( c ), Plaintiffs are entitled to an amount equal to the greater of:

(I)     interest on the unpaid contributions; or

(ii)    liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

### Relief Sought

WHEREFORE, Plaintiffs pray for relief as follows:

A.      That **MI SUENO** ordered to produce reports and contributions for the work months from **November, 2007** through the present;

B.      That **MI SUENO** be ordered to produce books and records for a fringe benefit contribution compliance audit for the period from October 23, 2007 through the present;

C.      That judgment be entered in favor of Plaintiffs and against **MI SUENO** in the amount shown to be due on the audit,

D.      That Plaintiffs be awarded their costs herein, including audit costs, interest, reasonable attorneys' fees and court costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the Labor Agreement and Trust Agreements and 29 .U.S.C. Section 1132(g); and

    E. That this Court grant such other and further relief as may be appropriate under the circumstances.

                     Respectfully submitted,

                     TRUSTEES OF THE CHICAGO PAINTERS
                     AND DECORATORS PENSION
                     FUND et al,

               By:  ___S/James R. Anderson_____
                     One of their Attorneys

DONALD D. SCHWARTZ
JAMES R. ANDERSON
ANTHONY B. SANDERS
ARNOLD AND KADJAN
19 West Jackson Blvd.
Chicago, Illinois 60604
(312) 236-0415

5